NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEYBIT YAMILET MAZARIEGOS ALVARADO; J.R.O.M; M.Y.M.O<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5586<br><br>Agency Nos.<br>A220-988-943<br>A220-988-944<br>A220-988-945<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Lead Petitioner, Yebit Yamilet Mazariegos Alvarado ("Mazariegos") and

her co-petitioning minor children, J.R.O.M. and M.Y.M.A., are citizens of

Guatemala. She seeks review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal of her appeal of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review factual findings, including credibility determinations, under the substantial evidence standard, and we review legal questions de novo. *See id*. Factual findings are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). In other words, to reverse a factual finding of adverse credibility, "we must find that the evidence not only supports [a contrary] conclusion but compels it." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

1.     Substantial evidence supports the agency's adverse credibility determination, and Petitioner has not identified any evidence in the record that compels a contrary conclusion. Of the IJ's numerous cited inconsistencies, the BIA identified four specific and cogent reasons that support the adverse credibility determination: (1) Petitioner's omission of her former boyfriend repeatedly

physically abusing her; (2) Petitioner's omission of her former boyfriend's mother abusing Petitioner's children; (3) Petitioner's omission of a physical altercation with a different former boyfriend; and (4) Petitioner's inconsistency in her testimony regarding the abuse she suffered from her former boyfriend's mother. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("Even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination.") (citation modified); *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) ("An applicant's omission of information from a written application or interview that is later revealed through testimony" may support an adverse credibility determination) (citation modified).

In addition to her testimony, Petitioner submitted a police report and supporting affidavits from her mother, sister, and neighbor. The documents, however, do not provide details from which the IJ could corroborate the nature, severity, or frequency of the abuse alleged in Petitioner's testimony. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (holding that the petitioner failed to meet his burden of proof where an adverse credibility determination was made and where the petitioner failed to submit sufficient corroborating evidence). Accordingly, the IJ, as affirmed by the BIA, properly considered the totality of the circumstances when making the adverse credibility determination, and substantial evidence supports the conclusion that Petitioner's

testimony was not credible.

2.  Because Petitioner was found non-credible but also provided evidence other than her account to support her claims, the agency was required to—and did—assess whether that evidence independently proved her eligibility for relief. *See Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024).  However, a petitioner properly found non-credible "will usually be unable to meet [her] burden for asylum, withholding of removal, and CAT protection because any remaining evidence in the record is often insufficient." *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025).  That is the case here.  "Without credible testimony or sufficient corroborating evidence," Petitioner did not show" past persecution or "that [she] has a 'well-founded fear of persecution' based on a protected ground." *Mukulumbutu*, 977 F.3d at 927 (quoting 8 U.S.C. § 1101(a)(42)(A)).

3.  Since Petitioner did not meet the standard for asylum, she did not meet the higher burden of demonstrating the clear probability of persecution required for withholding of removal.  *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Mukulumbutu*, 977 F.3d at 927.  And, because she did not establish past persecution, the BIA correctly determined she was ineligible for humanitarian asylum.  *See* 8 C.F.R. § 1208.13(b)(1)(iii).

4.  Substantial evidence also supports the denial of CAT relief.  Petitioner presented the narrow question of whether her account of childhood abuse in

primary school constituted government acquiescence. She did not challenge the BIA and IJ's determination that she is not more likely than not to be tortured upon removal. Here, the IJ and BIA considered all evidence relevant to the possibility of future torture, *see* 8 C.F.R. § 1208.16(c)(3), including the childhood abuse she faced. Therefore, neither erred in determining that Petitioner did not meet her burden of proof.

5.    Lastly, Petitioner's due process claim is without merit. A due process violation occurs where (1) the proceeding is "so fundamentally unfair" that the non-citizen was "prevented from reasonably presenting" her case, and (2) the non-citizen "demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (simplified). Petitioner alleges that the IJ refocused Petitioner's counsel away from questioning Petitioner on the harm she suffered as a child and that the IJ ignored evidence in her declaration that she suffered harm as a child based on her indigenous ethnicity. But Petitioner raised her claim of past persecution as a child at the hearing, and the IJ rejected it, reasoning that her fear of future persecution was unrelated to the past abuse she endured as a child under 8 C.F.R 1208.13(b)(1). Because her past abuse does not support a credible fear of future persecution, it cannot affect the outcome of the proceeding.

**PETITION DENIED.**[1]

---

[1]     Petitioners' Motion to Stay Removal, Dkt. Nos. 3 and 8, is DENIED effective upon issuance of the mandate from this Court.

24-5586